# Exhibit 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK S. HOLDEN, RICHARD ANDISIO, EDWARD MARSHALL, ANN MARIE MARSHALL, ARTHUR CHRISTIANI, JOHNIELLE DWYER, PAWEL KRZYKOWSKI, MARIOLA KRZYNOWEK, JAMES HOWE, and CINDY A. PEREIRA, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GUARDIAN ANALYTICS, INC., ACTIMIZE INC., and WEBSTER BANK, N.A., <br><br> Defendants. | Case No. 23-2115 <br><br><br> CLASS ACTION |

### [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter came before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement Agreement (the "Motion"). Plaintiffs Mark S. Holden, Richard Andisio, Edward Marshall, Ann Marie Marshall, Arthur Christiani, Johnielle Dwyer, Pawel Krzykowski, Mariola Krzynowek, James Howe, and Cindy A. Pereira, individually and on behalf of the proposed Settlement Class, and Defendants Guardian Analytics, Inc. ("Guardian"), Actimize Inc. ("Actimize"), Webster Bank, N.A. ("Webster Bank") (together, "Defendants") have entered into a Settlement Agreement and Release (the "Settlement Agreement") that settles claims against Defendants in the above-captioned litigation.

Six putative class actions were filed in the District of New Jersey in response to a cyberattack of Guardian's network systems (*Holden, et al. v. Guardian Analytics, et al.*, No. 23-

2115, *Marshall, et al. v. Guardian Analytics, et al.*, No. 23-2156, *Christiani v. Guardian Analytics, et al.*, No. 23-2158, *Dwyer v. Guardian Analytics, et al.*, No. 23-2320, *Krzykowski, et al. v. Guardian Analytics, et al.*, No. 23-2322, and *Pereira v. Guardian Analytics, et al.*, No. 23-2431). The cases were consolidated before this Court under lead case no. 23-2115 and Ben Barnow of Barnow and Associates, P.C. and Charles E. Schaffer of Levin Sedran & Berman, LLP were appointed as Interim Co-Lead Counsel. *See* ECF No. 24.

After the cases were consolidated, Plaintiffs filed a consolidated amended complaint ("CAC"). *See* ECF No. 27. The CAC alleges that between November 27, 2022 and January 22, 2023, Guardian was the target of a cyberattack perpetrated by an unauthorized third-party threat actor who gained access to Guardian's network systems, which contained information about certain of its clients' customers (the "Data Incident"). This cyberattack impacted Plaintiffs' and Settlement Class Members' personal information. *See id.* ¶¶ 1–3. The personal data potentially accessed in the Data Incident included Plaintiffs' and Class members' names, Social Security numbers or financial account numbers.

In the CAC, Plaintiffs allege seven causes of action: (i) negligence; (ii) negligence per se; (iii) breach of implied contract; (iv) breach of fiduciary duty; (v) unjust enrichment; (vi) declaratory relief; and (vii) violations of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a, *et seq*. *See id.* ¶¶ 129–84. Plaintiffs allege that Defendants failed to safeguard Plaintiffs' and Settlement Class Members' personal data. *See id.* ¶ 4. Plaintiffs also allege that, as a result of the Data Incident, Plaintiffs and Settlement Class Members suffered ascertainable losses, including, but not limited to: (i) a substantially increased risk of identity theft—risk which justifies or necessitates expenditures for protective and remedial services for which they are entitled to compensation; (ii) improper disclosure of their PII; (iii) breach of the confidentiality of

their PII; (iv) deprivation of the value of their PII, for which there is a well-established national and international market; (v) lost time and money incurred to mitigate and remediate the effects of the Data Breach, including the increased risk of identity theft they face and will continue to face; and (vi) overpayment for the services that were received without adequate data security. *See id.* ¶ 118. Plaintiffs and the putative class seek monetary and equitable relief. Defendants deny the allegations in the Lawsuit, deny any allegation of wrongdoing on their part, and deny liability for Plaintiffs and Settlement Class Members' claims.

After prolonged and serious arm's-length settlement negotiations, including a mediation before the Honorable Stephen Orlofsky (Ret.), the Parties reached a Settlement Agreement and Release (the "Settlement Agreement") that they consider fair, reasonable, and adequate, and in the best interests of all the Settlement Class Members.

WHEREAS, Plaintiffs, on behalf of the proposed Settlement Class Members, having made a motion for an order preliminarily approving a settlement in accordance with the Settlement Agreement, executed on November 3, 2023, and attached as **Exhibit 1** to the Motion, which, together with the Exhibits attached thereto, set forth the terms and conditions for the proposed settlement; and the Court having read and considered the Settlement Agreement and the exhibits attached thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has reviewed the Settlement Agreement and does hereby preliminarily approve the settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

2.        Pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e), and for purposes of this Settlement only, the Court grants provisional certification to the following Settlement Class:

> **The Settlement Class:** All persons who were notified that their personally identifiable information may have been impacted as a result of the data incident that occurred on Guardian's systems between November 27, 2022 and January 22, 2023.

Excluded from the Settlement Class are Guardian's, Actimize's, and Webster Bank's officers and directors, as well as (i) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (ii) the judges assigned to the Litigation and to evaluate the fairness, reasonableness, and adequacy of this settlement; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of perpetrating, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge. The Settlement Class may include as many as 197,270 individuals—each, a "Settlement Class Member."

3.        The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

4. For the purposes of the settlement only, Plaintiffs Mark S. Holden, Richard Andisio, Edward Marshall, Ann Marie Marshall, Arthur Christiani, Johnielle Dwyer, Pawel Krzykowski, Mariola Krzynowek, James Howe, and Cindy A. Pereira are preliminarily certified as the Class Representatives.

5. The Court finds that Ben Barnow of Barnow and Associates, P.C. and Charles E. Schaffer of Levin Sedran & Berman, LLP are experienced and adequate counsel and are hereby provisionally designated as Class Counsel under Federal Rule of Civil Procedure 23(a)(4).

6. The Court preliminarily finds that the proposed settlement should be approved as: (a) the result of serious and extensive arm's-length and non-collusive negotiations; (b) falling within a range of reasonableness warranting final approval; (c) having no obvious deficiencies; and (d) warranting notice of the proposed settlement to Settlement Class Members and further consideration of the settlement at the Final Approval Hearing described below.

7. The Final Approval Hearing shall be held before this Court on _____ _____, 2024, at _____ ___ at the Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102, Courtroom MLK 4B. At this hearing, the Court will determine: (a) whether the proposed settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (b) whether the [Proposed] Final Judgment and Order as provided under the Settlement Agreement should be entered; (c) whether the Settlement Class should be finally certified for purposes of the settlement; (d) whether Plaintiffs and Class Counsel should be finally appointed as Class Representatives and Class Counsel; (e) the amount of attorneys' fees, costs, and expenses that should be awarded to Class Counsel; and (f) whether the Court should grant Service Awards to the Class Representatives. The Court will also hear any objections by

Settlement Class Members to: (a) the settlement; (b) the award of attorneys' fees, costs, and expenses to Class Counsel; (c) Service Awards to the Class Representatives; and (d) such other matters the Court deems appropriate.

8.     The Court approves, as to form and content, the use of the Claim Form in a form substantially similar to the claim form attached as Exhibit A to the Settlement Agreement.

9.     The Court approves, as to form and content, the Long Form Notice to be posted on the Settlement Website, in a form substantially similar to the one attached as Exhibit B to the Settlement Agreement.

10.    The Court approves, as to form and content, the Short Form Notice (Postcard Notice) and SSN Postcard Notice to be mailed to Settlement Class Members and SSN Settlement Class Members in a form substantially similar to the ones attached as Exhibits C and D to the Settlement Agreement.

11.    The Court finds that the mailing and distribution of the Class Notice substantially in the manner and form set forth in the Settlement Agreement, attached as Exhibit 1 to the Motion: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement Agreement and of the settlement and to apprise Settlement Class Members of their right to object to the proposed settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of Federal Rule of Civil Procedure 23(c)(2) and (e), the Due Process Clauses under the United States Constitution, the Rules of this Court, and other applicable laws.

12. The firm Epiq Class Action & Claims Solutions, Inc. ("Settlement Administrator") is hereby appointed as Settlement Administrator to supervise and administer the notice procedure, as well as the processing of claims as more fully set forth below.

13. No later than 21 days after entry of the Preliminary Approval Order (the "Notice Date"), the Settlement Administrator will notify Settlement Class Members of the settlement with the Postcard Notices and SSN Postcard Notices, substantially similar to the forms attached to the Settlement Agreement as Exhibits C and D, by U.S. mail to all Settlement Class Members that Guardian has known addresses for. The Claims Administrator will establish and maintain a Settlement Website throughout the Claims Period, which will contain the Postcard Notices, the Long Form Notice, and the Claim Form to either submit online or download and mail to the Settlement Administrator before the Claims Deadline.

14. Settlement Class Members who wish to submit a claim in the settlement shall complete and submit Claim Forms in accordance with the instructions contained therein. Any such claim must be postmarked or submitted electronically no later than 90 days from the date that the Class Notice is sent to submit a claim—the "Claims Deadline."

15. The Claim Forms submitted by each Settlement Class Member must: (a) be properly completed, signed, and submitted in a timely manner in accordance with the preceding paragraph; (b) be accompanied by adequate supporting documentation, as required by and as specified in the Settlement Agreement; and (c) be complete and contain no deletions or modifications of any of the printed matter contained therein.

16. Any Settlement Class Member who files a Claim Form shall reasonably cooperate with the Settlement Administrator, including by promptly responding to any inquiry made by the Settlement Administrator. Any Settlement Class Member who does not timely submit a Claim

7

Form within the time provided in the Settlement Agreement (except those Settlement Class Members who opt-out) are barred from receiving any benefits under the Settlement Agreement and shall be bound by the Settlement Agreement, the Final Judgment and Order, and the Releases therein, unless otherwise ordered by the Court.

17. Settlement Class Members will have no later than 60 days from the date the Class Notice is issued to decide whether to exclude themselves from the settlement (the "Opt-Out Deadline"). Any Class Member wishing to opt out of the Settlement Class shall individually sign and timely submit written notice of such intent to the Claims Administrator at the address provided in the Class Notice. A written opt-out notice must include an individual signature and state the name, address, and phone number of the person seeking exclusion. A written opt-out notice must also clearly manifest a person's intent to be excluded from the Settlement Class. To be effective, a written opt-out notice must be postmarked no later than 60 days from the date the Class Notice is issued, or any other date set by the Court. Settlement Class Members who exclude themselves from the Settlement shall not be eligible to receive any benefits of nor be bound by the terms of the Settlement Agreement.

18. Any Settlement Class Member may appear in person or through counsel, at his or her own expense, at the Final Approval Hearing to object to the Settlement. No Settlement Class Member will be heard, and no papers submitted by any Settlement Class Member will be considered, unless, no later than 60 days from the date the Class Notice is issued, the Settlement Class Member files with the Court and serves Class Counsel, Guardian and Actimize's Counsel, and Webster Bank's Counsel with written objections that: (i) include the case name and number; (ii) set forth the Settlement Class Member's full name, current address, and telephone number; (iii) contain the Settlement Class Member's original signature; (iv) state that the Settlement Class

Member objects to the Settlement, in whole or in part; (v) set forth a statement of the legal and factual basis for the Objection; and (vi) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position. In addition to the foregoing, objections should also provide the following information: (a) a list, by case name, court, and docket number, of all other cases in which the objector (directly or through a lawyer) has filed an objection to any proposed class action settlement within the last three (3) years and (b) a list, by case number, court, and docket number, of all other cases in which the objector has been a named plaintiff in any class action or served as a lead plaintiff or class representative. Any Settlement Class Member who fails to object in this manner will be deemed to have waived and forfeited any and all rights he or she may have to appear separately and to object to the Settlement Agreement, and the Settlement Class Member shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation.

19. If an objecting Settlement Class Member intends to appear at the Final Approval Hearing through counsel, he or she must also identify the attorney(s) representing the objecting Settlement Class Member who will appear at the Final Approval Hearing and include the attorney(s) name, address, phone number, e-mail address, state bar(s) to which counsel is admitted, as well as associated state bar numbers.

20. All opening briefs and documents in support of any application by Plaintiff for a motion for attorney's fees, costs, and expenses, and for service awards for Class Representatives, shall be filed and served by no later than 14 days prior to the deadline for Settlement Class Members to object or exclude themselves from the Settlement Agreement. Plaintiffs shall file a Motion for Final Approval of the Class Action Settlement no later than 14 days prior to the Final Approval Hearing.

9

21. At or after the Final Approval Hearing, the Court shall determine whether any applications for service awards and for attorney's fees, costs, and expenses should be approved. The Court reserves the right to enter a Final Judgment and Order approving the Settlement regardless of whether it has awarded the service award, or attorney's fees, costs, and expenses.

22. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the settlement, shall be the responsibility of Defendants and shall be paid out of the Settlement Fund as set forth in the Settlement Agreement.

23. Neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

24. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Parties to the settlement Agreement, if appropriate, without further notice to the Settlement Class.

25. If the Settlement Agreement and the settlement set forth therein is not approved or consummated for any reason whatsoever, the Settlement Agreement and settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the parties to the Settlement Agreement *status quo ante*.

26. Until otherwise ordered by the Court, the Court shall continue to stay all proceedings in the Lawsuit other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.

27. The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement and this Order include, but are not limited to:

| EVENT | DATE |
|---|---|
| Guardian to provide the Class Member Information to Settlement Administrator | 7 days after entry of Preliminary Approval Order |
| Notice Date | 21 days after entry of Preliminary Approval Order |
| Deadline for Plaintiffs to File Motion for Attorneys' Fees, Costs, Expenses, and Service Awards for Class Representatives | 14 days before the Opt-Out and Objection Deadlines |
| Opt-Out and Objection Deadlines | 60 days after Notice Date |
| Deadline for Parties to Respond to Objections | 14 Days after the Objection Deadline or Receipt of Any Timely Submitted Objection, whichever is later |
| Deadline for Class Members to Submit Claim Forms | 90 days after Notice Date |
| Deadline for Plaintiffs to File Motion for Final Approval of Class Action Settlement | 14 days prior to Final Approval Hearing |
| Final Approval Hearing | No less than 100 Days after the entry of this Order |

IT IS SO ORDERED.

Date: _____          _____
                               **WILLIAM J. MARTINI, U.S.D.J.**

11